IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41175
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNY BOBBITT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:96-CR-31-2

_____

June 26, 1998

Before HIGGINBOTHAM, DAVIS and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Kenny Bobbitt appeals his conviction for aiding and abetting in removing a vehicle identification number in violation of 18 U.S.C. §§ 2 & 511.  He argues that the evidence was insufficient to support his conviction.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed.  Because

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Bobbitt failed to move for a judgment of acquittal at any point in the proceedings, this court's review is limited to determining whether there was any manifest miscarriage of justice.  See U.S. v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996), cert. denied, 117 S.Ct. 1482 (1997).  "A manifest miscarriage of justice is present if the record is devoid of evidence pointing to guilt."  Id. (citations omitted).  As with any jury verdict, this court reviews the evidence and all reasonable inferences that may be drawn from that evidence in the light most favorable to the government.  Id.

Here, Bobbitt admitted dismantling a stolen 1993 Peterbilt truck traced to the property of Bobbitt's co-defendant, Charles Craven, over the course of two days.  Regardless of whether he actually removed the vehicle identification numbers himself, he actively participated with Craven in dismantling and stripping the stolen vehicle so that parts could be reused without detection.  "This court must affirm a conviction for aiding and abetting when sufficient evidence is tendered that the defendant affirmatively acted with the intent to make the transaction succeed."  U.S. v. Jaramillo, 42 F.3d 920, 924 (5th Cir.), cert. denied, 514 U.S. 1134 (1995).  We find that the evidence on record pointing to guilt is not so deficient as to constitute a manifest miscarriage of justice.  See Johnson, 87 F.3d at 136.

Accordingly, the judgment is AFFIRMED.